# United States District Court
## Eastern District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>TAMRAL GUZMAN<br>aka "Tammy" | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:　3:10-CR-00161-1<br>　　　　　　　　3:12-CR-00153-01<br><br>Michael B Menefee<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]　pleaded guilty to count(s):　1 of the Indictment in case number 3:12-CR-153
[ ]　pleaded nolo contendere to count(s) ___ which was accepted by the court.
[✓]　was found guilty on count(s) 1-57 of the Third Superseding Indictment in case number 3:10-CR-161 after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

See next page.

　　　　The defendant is sentenced as provided in pages 2 through  8  of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]　The defendant has been found not guilty on count(s) ___.

[]　All remaining counts as to this defendant in this case are dismissed on the motion of the United States.

　　　　IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

　　　　　　　　　　　　　　　　　　　　　　　　　　　April 18, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　Date of Imposition of Judgment

　　　　　　　　　　　　　　　　　　　　　　　　　　　s/ Thomas A. Varlan
　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of Judicial Officer

　　　　　　　　　　　　　　　　　　　　　　　THOMAS A. VARLAN, Chief United States District Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　Name & Title of Judicial Officer

　　　　　　　　　　　　　　　　　　　　　　　　　　　April 29, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　Date

DEFENDANT: TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER: 3:10-CR-00161-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| **3:10-CR-161** | | | |
| 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(2) | Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Hydrocodone, Alprozolam, Diazepam, and Zolpidem | December 14, 2010 | 1 |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(2) | Possession with Intent to Distribute Oxycodone, Hydrocodone, Alprozolam, Diazepam, and Zolpidem | November 13, 2009 | 2 |
| 18 U.S.C. § 1956(a)(1)(A)(I) | Money Laundering | October 6, 2009 | 3 |
| 18 U.S.C. § 1956(a)(1)(B)(ii) | Money Laundering | October 8, 2009 | 4-8 |
| 31 U.S.C. § 5324(a)(3) and 31 U.S.C. § 5324(d)(2) | Structuring | October 22, 2009 | 9-57 |
| **3:12-CR-153** | | | |
| 18 U.S.C. § 3146(a)(1) | Failure to Appear | October 31, 2012 | 1 |

DEFENDANT: TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER: 3:10-CR-00161-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __258 Months__ . This term consists of 240 months as to Counts One through Eight of Docket Number 3:10-CR-161, 120 months as to Counts Nine through Fifty-Seven of Docket Number 3:10-CR-161, to be served concurrently, and 18 months as to Count One of Docket Number 3:12-CR-153, such terms to be served consecutively.

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✓]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
     [ ] at ___ [ ] a.m. [ ] p.m. on ___ .
     [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before 2 p.m. on ___ .
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER:   3:10-CR-00161-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 Years as to each of Counts One through Fifty-Seven of Docket Number 3:10-CR-161, and Count One of Docket Number 3:12-CR-153, such terms to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation office;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his/her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court;
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;;
10) The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his/her criminal record or personal history of characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER: 3:10-CR-00161-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment of drug and/or alcohol abuse, as directed by the probation officer, until such time as she is released from the program by the probation officer.

DEFENDANT:         TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER:       3:10-CR-00161-1

# CRIMINAL MONETARY PENALTIES

   The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|          | Assessment  | Fine | Restitution |
|----------|-------------|------|-------------|
| Totals:  | $ 5,800.00  | $    | $           |

[ ]   The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|------------------------------------------|
| TOTALS:       | $                     | $                             |                                          |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement $ ___

   The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ]   The interest requirement is waived for the   [ ] fine and/or   [ ] restitution.

   [ ]   The interest requirement for the   [ ] fine and/or   [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:     TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER:   3:10-CR-00161-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]   Lump sum payment of $ 5,800.00 due immediately, balance due

       [ ] not later than _, or
       [ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B   [ ]   Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within 1 (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [ ]   Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States: (property more fully described in Preliminary Order of Forfeiture (doc. 234)

a.   Real Property

    1. located at 2817 France Court, Maryville, Tennessee
    2. located at 3536 Garner Circle, Maryville, Tennessee;
    3. located at 4171 Bear Hollow Loop, Louisville, Tennessee;

b.   Vehicles

    2008 Tracker Deep-V Fishboat (Hull ID No. BUJ63861D808), a 2008 Mercury motor (serial number 1A312228) and a 2008 boat trailer (serial number 4TM12EJ208B001045);

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: TAMRAL GUZMAN, aka "Tammy"
CASE NUMBER: 3:10-CR-00161-1

c. Money Judgments

1. A personal money judgment in favor of the United States and against TAMRAL GUZMAN in an amount not less than $2,149,025.59, representing the amount of money involved in the defendants' offenses in violation of Title 21, United States Code, Sections 846 and 841.

2. A personal money judgment in favor of the United States and against TAMRAL GUZMAN, in a amount not less than $65,712.40, representing the amount of money involved in the defendant's offenses in violation of Title 18, UnitedStates Code, Section 1956.

3. A personal money judgment in favor of the United States and against TAMRAL GUZMAN, in a amount not less than $298,020, representing money involved in the defendant's offenses in violation of Title 31, United States Code, Section 5324.

d. Bank Accounts

1. Contents of ORNL account, account number XXX6480, in the name of Tamral Guzman, in the amount of $1,658.72; and
2. Contents of ORNL account, account number XXX6481, in the name of Maryville Pain Management, LLC, in the amount of $168,134.22

e. United States Currency

1. Approximately $25,000.00 in U.S. currency seized from Retha Alexander at IRS-CID, 412 North Cedar Bluff Road, Suite 302, Knoxville, Tennessee, on December 15, 2010;

2. Approximately $2,480.00 in U.S. currency seized from 118 Parliament Drive, Maryville, Tennessee, on December 14, 2010; and

3. Approximately $215.00 in U.S. currency seized from 118 Parliament Drive, Maryville, Tennessee, on December 14, 2010

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.